IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:12-CR-00226-BR

          Plaintiff,                         OPINION AND ORDER

v.

GERALD LEROY BARNES II,

          Defendant.


**S. AMANDA MARSHALL**
United States Attorney
**SCOTT M. KERIN**
**KATHERINE C. LORENZ**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1012

          Attorneys for Plaintiff

**ANTHONY C. SCHWARTZ**
The Schwartz Law Firm
520 S.W. Sixth Avenue
Suite 600
Portland, OR 97204
(503) 224-0678

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#58) for Return of Property under Federal Rule of Criminal Procedure 41(g).  For the reasons that follow, the Court **DENIES** Defendant's Motion.


<u>BACKGROUND</u>

On April 26, 2012, Portland Police officers and agents for the Drug Enforcement Agency (DEA) executed a search warrant at Defendant Gerald LeRoy Barnes's house.  The agents seized, among other things, $1,608 in cash and 14 guns (one of which was an illegally shortened shotgun).  An Alcohol Tobacco and Firearms Agency (ATF) agent later determined the short-barreled shotgun was not registered to Defendant in the National Firearms Registration and Transfer Record.  On April 27, 2012, Magistrate Judge Paul Papak signed a Complaint against Defendant that contained one count of Unlawful Possession of a Short-Barreled Shotgun under 26 U.S.C. § 5861(d), and the Magistrate Judge held a First Appearance.[1]

On May 2, 2012, Defendant was charged in a single-count Indictment with Unlawful Possession of a Short-Barreled Shotgun under 26 U.S.C. § 5861(d).  The Indictment also included a

---

[1] Defendant was represented by counsel at all times from this point forward.

criminal forfeiture allegation for the short-barreled shotgun.

On May 17, 2012, the DEA mailed a Notice of Seizure to Defendant as to the $1,608 in cash pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a).[2]  The DEA advised Defendant that if he wanted to request the remission or mitigation of the forfeiture of the funds, he must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty days of receipt of the Notice.  The DEA further advised Defendant that in lieu of petitioning for remission or mitigation he could contest the forfeiture in this Court by filing a claim with the Forfeiture Counsel of the DEA.  Defendant states in his Reply that neither he nor his wife, Denise Ingram,[3] filed a petition or claim to the funds.  Attached to Defendant's Supplemental Brief, however, is a letter from Ingram to the DEA dated June 15, 2012, in which she "requests remission" of the $1,608.  The record does not reflect whether the DEA received and/or responded to Ingram's request.

On May 24, 2012, the DEA mailed a Notice of Seizure to Defendant as to:

```
1 Norinco MAK90 Rifle                     38395
1 Remington Arms Company 870 Shotgun      S530610X
```

---

[2] This Notice is not in the record, but Defendant concedes in his Reply that the government sent him the Notice and he received it on May 25, 2012.

[3] Ingram is not a party to this action.

```
1 Connecticut Valley Arms Black Powder
    Muzzle Loader                              0044677
1 Connecticut Valley Arms Black Powder
    Muzzle Loader                              0050966
1 Derringer Black Powder Muzzle Loader        Obliterated
1 Mossberg 500A Shotgun                       K240542
1 Andrea Benetti Super 90 Shotgun             M511654
1 Ruger Mark II Pistol                        218-00599
1 Izhmash Saiga Shotgun                       H08427976
1 Taurus The Judge Revolver                   DP181BB3
1 Bond Arms Inc. Cowboy Defender Derringer    32607
1 Cobra Enterprises Inc. CB9 Derringer        CT061034
1 Taurus Tracker Revolver                     BU659534
1 Cobra Enterprises Inc. CB9 Derringer        CT050545
```

Decl. of Vicki L. Rashid, Ex. 1 at 3.  The Notice stated, among

other things:

> If you want to request the remission (**pardon**) or
> mitigation of the forfeiture, you must file a
> petition for remission or mitigation with the
> Forfeiture Counsel of the DEA within thirty (30)
> days of your receipt of this notice. . . .  The
> regulations governing the petition process are set
> forth in Title 28, Code of Federal Regulations,
> Part 9.
>
> * * *
>
> In addition to, or in lieu of petitioning for
> remission or mitigation, you may contest the
> forfeiture of the seized property in UNITED STATES
> DISTRICT COURT.  To do so, you must file a claim
> with the Forfeiture Counsel of the DEA by **June 28,
> 2012.**  The claim need not be made in any
> particular form (Title 18, U.S.C., Section
> 983(a)(2)(D). . . .  If you wish to contest the
> forfeiture of the asset, you must comply with the
> procedures set forth herein.  Your failure to do
> so will result in the termination of your interest
> in the asset, and may preclude your contesting the
> forfeiture of the asset in any judicial proceeding
> - either civil or criminal - even if such a
> proceeding has already been commenced or is
> commenced in the future.

Decl. of Vicki L. Rashid, Ex. 1 at 1 (emphasis in original).

On May 24, 2012, the DEA mailed the same Notice of Seizure
to Denise Ingram.

On June 21, 2012, the DEA received a letter from Defendant
in which he "Request[ed] Remission" of:

| | | |
|---|---|---|
| (1) | Taurus the Judge Resolver | DP101883 |
| (1) | Norinco MAK90 Rifle | 38395 |
| (1) | Connecticut Valley Arms Black Power Muzzle Loader | 0044677 |
| (1) | Connecticut Valley Arms Black Power Muzzle Loader | 0050966 |
| (1) | Ruger Mark II Pistol | 218-00599 |
| (2) | Saga 12 drums | |
| (1) | Mack 90 drum | |
| (8) | Ammo clips | |

A large quantity of ammo

Rashid Decl., Ex. 15 at 1.

On June 21, 2012, the DEA received a letter from Ingram in
which she "Request[ed] Remission" of:

| | | |
|---|---|---|
| (1) | Mossberg SODA Shotgun | K240542 |
| (1) | Andrea Benetti Supper 90 Shotgun | M511654 |
| (1) | lzhmash Saiga Shotgun | H08427976 |
| (1) | Bond Arms Inc. Cowboy Defender Derringer | 32607 |
| (1) | Cobra Enterprises Inc. CB9 Derringer | CT061034 |
| (1) | Taurus Tracker Revolver | BU659534 |
| (1) | Cobra Enterprises Inc. CB9 Derringer | CT050545 |

A large quantity of ammo, gun holsters, and other
accessories.

Rashid Decl., Ex. 10 at 1.

On July 10, 2012, the DEA sent Defendant a letter advising
him that the DEA had "received the Petition for Remission or
Mitigations of forfeiture for [(14) Assorted Firearms]."  Rashid
Decl., Ex. 16 at 1.  The DEA, however, returned Defendant's

Petition as defective on the ground that it "was not properly executed" because it did not include a statement that it was "declare[d] (or certif[ied], verif[ied], or state[d]) under penalty of perjury that the foregoing is true and correct," and it was not signed by Defendant. *Id*. The DEA permitted Defendant 30 days from his receipt of the DEA's letter to correct the deficiency and to "file a valid petition." *Id*. at 2.

On August 9, 2012, the DEA received a letter from Defendant in which he declared under penalty of perjury that, among other things, he

> [r]equest[ed] Remission of:

> | | |
> |---|---|
> | (1) Taurus the Judge Revolver | DP101883 |
> | (1) Norinco MAK90 Rifle | 38395 |
> | (1) Connecticut Valley Arms Black Power Muzzle Loader | 0044677 |
> | (1) Connecticut Valley Arms Black power muzzle loader | 0050966 |
> | (1) Ruger Mark II pistol | 218-00599 |
> | (1) Saga 12 drum | |
> | (1) Mack 90 drum | |
> | (1) Ammo clips | |

> Large quantity of ammo

Rashid Decl., Ex. 18 at 1.

On September 5, 2012, the DEA sent Defendant a letter advising: "Your Petition for Remission and/or Mitigation will be ruled on administratively by this office. Before any decision can be made, your petition must be reviewed and an investigation may be required." Rashid Decl., Ex. 19 at 1.

On October 4, 2012, the DEA sent Ingram a letter advising

6 – OPINION AND ORDER

her that the DEA had "received the Petition for Remission or Mitigations of forfeiture for [(7) firearms]." Rashid Decl., Ex. 13 at 1.  The DEA, however, returned Ingram's Petition as defective on the ground that it "was not properly executed" because it did not include a statement that it was "declare[d] (or certif[ied], verif[ied], or state[d]) under penalty of perjury that the foregoing is true and correct," and it was not signed by Ingram.  *Id.*  The DEA allowed Ingram 30 days from her receipt of the DEA's letter to correct the deficiency and to "file a valid petition."  *Id.* at 2.[4]

On February 23, 2013, the DEA forfeited to the United States the 14 firearms seized at Defendant's house pursuant to 19 U.S.C. § 1607 on the ground that Notice of Seizure had been published and "no claim [pursuant to 18 U.S.C. § 983 had] been filed." Rashid Decl., Ex. 21 at 1.

On August 6, 2013, the DEA denied Defendant's Petition for Remission or Mitigation and advised Defendant, among other things, that

> [a] Petition for Remission and Mitigation "does
> not serve to contest the forfeiture, but rather is
> a request for executive pardon of the property
> based upon the petitioner's innocence or, for a
> wrongdoer, on a plea of leniency."

* * *

---

[4] The record does not reflect whether Ingram submitted a revised petition with the required certification, and, in any event, Ingram is not a party to this action.

> You have failed to adequately demonstrate that any
> mitigating factors exist to justify any relief
> from the forfeiture.  Further, I reviewed the
> facts of this case to determine if the forfeiture
> would be in violation of the U.S. Constitution's
> Eighth Amendment prohibition against excessive
> punishments, as discussed in Austin v. United
> States, 113 S. Ct. 2801 (1993).  Please be advised
> that I determined that the administrative
> forfeiture was entirely proportional to the
> offense, considering the substantial connection
> between the forfeited property and the offense.
> In addition, the correct forum in which to
> challenge the constitutionality of the forfeiture
> is Federal District Court.  *Since you failed to
> contest this forfeiture judicially, this option is
> no longer open to you.*

Rashid Decl. Ex. 22 at 1, 3 (emphasis added).  The DEA advised

Defendant that he could seek reconsideration of the denial of its

decision pursuant to 28 C.F.R. § 9.3.  Defendant did not seek

reconsideration.

On August 15, 2013, the parties tried Defendant's criminal

case to the Court.  The Court found Defendant not guilty of the

sole count of the Indictment.

Defense counsel asserts in Defendant's Motion that on

August 21, 2013, counsel sent an email to DEA special agent (SA)

Jared Pattee "requesting return of all of [Defendant's] property

including items such as a computer, cellular telephones, money

counter, documentation, money, marijuana and the 13 legal guns."[5]

On September 11, 2013, the DEA sent defense counsel a letter

---

[5] This email is not in the record.  The government, however,
does not appear to contest that the email was sent and received.

and advised him that the DEA would return to Defendant the "computer, two cellular telephones, money counter, and documentation." Rashid Decl., Ex. 26 at 1. The DEA advised counsel, however, that the 14 firearms

> were administratively forfeited to the United States by DEA on February 5, 2013. Gerald Barnes was sent Notice of Seizure, Certified Mail-Return Receipt Requested to his residence on May 24, 2012. That notice was delivered and signed for by Barnes on May 28th. The notice explained the right to contest the forfeiture in U.S. District Court, and/or request remission or mitigation of the forfeiture through DEA. Barnes elected to file a petition for remission or mitigation. That petition was denied on August 6, 2013.

*Id*. The DEA also advised defense counsel that Defendant was sent a Notice of Seizure of $1,608 on May 17, 2012; that he received the Notice on May 25, 2012, but he did not file any claim or petition for remission or mitigation with respect to the funds; and that the funds were administratively forfeited to the United States on August 6, 2012, and "disposed of" on August 30, 2012.

On May 2, 2014, Defendant filed a Motion for Return of Property under Federal Rule of Criminal Procedure 41(g) in which he seeks the return of the 13 legal firearms. Defendant does not seek the return of the illegal short-barreled shotgun.

After reviewing the Petition and Defendant's Reply in which Defendant requested the return of the $1,608 for the first time, the Court entered an Order in which it noted:

> Because the record does not reflect Defendant filed any kind of claim, petition, or other

challenge to forfeiture of six out of the thirteen
legal firearms seized, the Court questions whether
Defendant has any basis on this record to
challenge the forfeiture of the those six
firearms.  The Court also notes Defendant does not
provide any legal basis or analysis to support his
statement that there is not anything in 18 U.S.C.
981 that allows for forfeiture of money nor does
the government address that statement by
Defendant.  To the extent that Defendant wishes to
supplement the record as to these issues, the
Court DIRECTS Defendant to file . . . a
supplemental brief which specifically addresses
these issues as to his challenge to the forfeiture
of the six previously unchallenged firearms and to
the forfeiture of funds.

Order (#69) July 23, 2014.

On August 5, 2014, Defendant filed a Supplemental Brief and
Declaration.  On September 9, 2014, the government filed a
Supplemental Response Brief.  The Court took this matter under
advisement on September 9, 2014.


**DISCUSSION**

As noted, Defendant requests the return of the 13 legal
firearms and the $1,608 in cash seized in the search of his
property in April 2012.

**I.  Asset forfeiture law.**

In 2000 Congress enacted the Civil Asset Forfeiture Reform
Act of 2000 (CAFRA), Pub. L. 106–185, 114 Stat. 202 (2000).
CAFRA authorizes the seizing agency to administratively forfeit
assets valued up to $500,000 after the seizing agency has
comported with the requirements of due process.

10 - OPINION AND ORDER

Due process under CAFRA requires the seizing agency to send notice to potential claimants within 60 days of the seizure. 18 U.S.C. § 983(a)(1). A person claiming seized property is required to file a claim with the seizing agency by the deadline set forth in the notice. 18 U.S.C. § 983(a)(2)(B). A claim must be made under oath, and it must identify the property claimed and the claimant's interest in the property. 18 U.S.C. § 983(a)(2)(C). If a timely claim is not filed, the seizing agency may administratively forfeit the property. 19 U.S.C. §§ 1607, 1609. If a timely claim is filed, the seizing agency must refer the seizure to the United States Attorney for the filing of a judicial forfeiture action within 90 days of the date the claim was filed. 18 U.S.C. § 983(a)(3)(A).

Under CAFRA a person who wishes to challenge the forfeiture of the property may do so in two ways: (1) file a claim pursuant to 18 U.S.C. § 938(a)(2)(A), which sets in motion a procedure to contest the forfeiture in the United States District Court under § 983(a)(3) and/or (2) ask the administrative agency to consider pardoning the property from forfeiture by filing a petition for remission pursuant to 28 C.F.R., Part 9, which places the decision whether to remit the property at the discretion of the ruling official withing the applicable agency.

CAFRA contains a provision for limited judicial review of administrative forfeitures (petitions for remission) in § 983(e):

(1)  Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if -

>    (A)  the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
>    (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

                              * * *

(5)  A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

## II.  Firearms for which Defendant submitted a "Request [for] Remission."

Although it is not entirely clear from his Motion, it appears Defendant asserts the DEA violated his due-process rights when it interpreted Defendant's June 2012 letter to the DEA as a petition for remission or mitigation of six of the firearms to be decided by the DEA rather than as a claim to contest forfeiture, which is an issue for the Court to decide.  Defendant explicitly asserts he did not intend for the DEA to "determine the outcome of the ownership of his guns.  Rather, . . . because his case was still going on, he intended for the court to decide the issue."

In its Response the government asserts the Court lacks jurisdiction to "disturb" the February 2013 forfeiture of the

12 - OPINION AND ORDER

seized firearms.

In Defendant's Supplemental Brief he concedes he did not file a claim or petition as to the remaining seven firearms seized by the DEA, the seizure of which is challenged by Ingram in her June 21, 2012, letter to the DEA.  Nevertheless, Defendant testifies in his Supplemental Declaration that he and Ingram "own [the firearms sought by Ingram] jointly and consider all of the firearms . . . as joint property."  Decl. of Def. in Support of Supplemental Brief at ¶ 5.

The government asserts in its Response to Defendant's Supplemental Brief that Ingram is not a party to this action, and, therefore, her claim to the firearms to which Defendant did not file a petition or claim is not before the Court.

**A.  Jurisdiction**

As noted, the government asserts the Court lacks jurisdiction to hear Defendant's Motion with respect to the six firearms for which Defendant requests remission.  To support its contention that this Court lacks jurisdiction, the government relies on a number of cases, including *Conservation Force v. Salazar,* 646 F.3d 1240 (9th Cir. 2011).

In *Salazar* the Ninth Circuit explained an agency must notify the parties who have an interest in property seized by the government so they can seek to reclaim the property administratively or judicially.  The interested party may then

13 - OPINION AND ORDER

> file a petition for remission with the Office of
> the Solicitor or may file a claim for the
> forfeiture to be addressed in federal district
> court. . . .  The two remedies are distinct.  A
> petition for remission "asks the agency for
> discretionary return of the property," while a
> claim "initiates the judicial process to decide
> whether the property should be forfeited."
> *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d
> 885, 889 (D.C. Cir. 2009).  "A party claiming
> ownership of the seized property may choose to
> pursue either the administrative or the legal
> remedy, complying with the applicable filing
> deadline for its choice."  *Id*.  "The forfeiture
> statutes and regulations provide *alternative, not
> sequential, administrative and legal remedies* for
> an administrative forfeiture."  *Id*. at 890.  If a
> party pursues the administrative path, files a
> petition for remission, and the petition is
> denied, the *only avenue* to set aside the
> declaration of forfeiture is if the notice of
> forfeiture was not received.  18 U.S.C. § 983(e).
> This is the exclusive remedy after pursuing the
> administrative path for setting aside a forfeiture
> decision. . . .  *Id*.

*Id*. at 1242 (emphasis added).  The Ninth Circuit concluded the

district court did not err when it found the plaintiffs' claim

was barred from judicial review because

> Plaintiffs received proper notice of the proposed
> forfeitures.  Plaintiffs chose to pursue an
> administrative path and filed petitions for
> remission and petitions for supplemental
> remission.  These petitions were reviewed by the
> Office of the Solicitor and denied. Because
>
> plaintiffs chose to pursue administrative
> remedies, they waived the opportunity for judicial
> forfeiture proceedings.

*Id*. at 1242-43.

Defendant asserts his claim in this matter differs from

the one at issue in *Salazar* because here even though Defendant titled his letters "Request [for] Remission," which suggests he was filing a Petition for Remission or Mitigation under 28 C.F.R. § 9 to be decided by the DEA, he, in fact, intended to file a claim under 18 U.S.C. § 983 to be decided by the Court. According to Defendant, the DEA treated his petition incorrectly, which was "an error of procedure or form, or . . . the agency's own misconduct," and, therefore, Defendant has stated a claim for violation of his right to due process, which is within the Court's jurisdiction to determine.

        To support his assertion that the Court has jurisdiction to review an error of procedure or form or agency misconduct, Defendant relies on *Mesa Valderrama v. United States*, 417 F.3d 1196 (11th Cir. 2005).  In *Mesa Valderrama* the defendant moved to set aside an administrative foreclosure.  The government moved to dismiss the defendant's motion on various grounds, including the fact that the defendant had received notice of the seizure and it complied with all due-process requirements.  The government asserted, therefore, that the district court lacked jurisdiction to consider the matter and urged the district court not to exercise equitable jurisdiction.  The district court granted the government's motion to dismiss.  The Eleventh Circuit affirmed the district court as follows:

> Section 983(e) is "the exclusive remedy for
> seeking to set aside a declaration of forfeiture

under a civil forfeiture statute." 18 U.S.C.
§ 983(e)(5).  This court has determined that it
lacks jurisdiction to review the merits of
administrative or nonjudicial forfeiture
determinations.  Instead, the court's review "is
limited to determining whether the agency followed
the proper procedural safeguards" in forfeiting
[the defendant's] check.  *See Scarabin v. Drug
Enforcement Admin.*, 919 F.2d 337, 338 (5th Cir.
1990)(noting that review of administrative
forfeiture is limited to review of the procedure)
. . .; *cf. In re Matter of $67,470.00*, 901 F.2d
1540, 1545 (11th Cir. 1990)(holding that equitable
jurisdiction may be appropriate if the claimant's
"failure to properly seek legal relief resulted
from errors of procedure and form or the
government's own misconduct").  Thus, the district
court correctly determined that it did not have
jurisdiction to consider [the defendant's]
challenges to the merits of Customs's forfeiture
of the check.

*Id.* at 1196 (citations omitted).  The Eleventh Circuit also

concluded the district court did not err when it declined to

exercise its equitable jurisdiction to consider the defendant's

claims:

"The [court's] decision to invoke equitable
jurisdiction is highly discretionary and must be
exercised with caution and restraint." *In re
Matter of $67,470.00*, 901 F.2d at 1544.  "Such
jurisdiction, therefore, is only appropriate in
exceptional cases where equity demands
intervention." *Id.*  The court is guided by
several considerations in deciding whether to
exercise equitable jurisdiction:  "(1) whether the
government agents seized the property in callous
disregard for the constitutional rights of the
petitioner; (2) whether the petitioner has an
individual interest in and need for the material
he seeks to have returned; (3) whether the
petitioner would be irreparably injured by denial
of the return of the property; and (4) whether the
petitioner has an adequate remedy at law." *Id.* at
1545 (quotation omitted).

16 - OPINION AND ORDER

> The district court did not err in refusing to
> exercise its equitable jurisdiction in this case.
> [The defendant] received all the required notice
> in this case in sufficient time to challenge the
> forfeiture proceeding. "It is inappropriate for a
> court to exercise equitable jurisdiction to review
> the merits of a forfeiture matter when the
> petitioner elected to forego the procedures for
> pursuing an adequate remedy at law." *Id.* at 1545.
> Consequently, because the Customs's forfeiture
> proceeding provided a sufficient legal basis to
> contest forfeiture of the check, [the defendant]
> is not entitled to equitable relief.

*Id.* at 1197(citations omitted).

To support his assertion that the Court should exercise equitable jurisdiction to review the DEA's alleged error of procedure when the DEA interpreted Defendant's request for remission as a petition for remission rather than a claim, Defendant relies on the Eleventh Circuit's reference in *Mesa Valderrama* to the court's statement in *In re Matter of $67,470.00* that equitable jurisdiction may be appropriate if the claimant's "failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct." 417 F.3d at 1197 (citing *In re Matter of $67,470*, 901 F.2d at 1545). The Eleventh Circuit, however, made that statement in *dicta*, and the alleged errors in procedure or misconduct by the government were not before the court in *Mesa Valderrama*.

The government also relies on *Rodriguez v. United States*, No. 05-CV-325JD, 2006 WL 889557 (D.N.H. Mar. 29, 2006), to support its assertion that this court lacks jurisdiction.

That case, however, was reversed and remanded by the First Circuit in 2007. *See* 219 F. App'x 22 (1ˢᵗ Cir. 2007). In its opinion reversing *Rodriguez* the First Circuit held the district court could consider the defendant's due-process challenge to his administrative foreclosure:

> In dismissing for lack of subject matter, the district court read the appellant's complaint too narrowly. The appellant alleged that DEA clearly misconstrued his petition by interpreting it as seeking only mitigation or remission. He argued that if he had not intended to contest the forfeiture, he would have had no reason to file the petition under oath (by the appropriate deadline), and argue that the money could not be forfeited because it was obtained legally and intended for legitimate purposes.
>
> A clear misconstrual of his petition states a due process claim within the district court's subject matter jurisdiction. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31 (1st Cir. 2001); *United States v. Giraldo*, 45 F.3d 509 (1ˢᵗ Cir. 1995). The appellant was entitled to an opportunity to be heard, with effect given to the substance of his petition.
>
> Concerning the government's argument that the appellant never used the term 'claim', which goes to the merits of the claim, we note that if special language was required, the notice should have said so. The appellant was entitled to notice that was not patently misleading or uninformative.

219 F. App'x at 23 (citations omitted).

Defendant, however, does not cite and this Court could not find a Ninth Circuit case that has adopted the reasoning of the First Circuit in *Rodriguez.* In fact, the Ninth Circuit held in *Pert v. United States* that the district court did not err when

18 - OPINION AND ORDER

it concluded it lacked jurisdiction to judicially review an
administrative forfeiture decision under facts similar to those
at issue here.  487 F. App'x  396, 397 (9th Cir. 2012).  In *Pert*
the defendant received notice that administrative forfeiture
proceedings were underway for money found in the defendant's
automobile when he was stopped by the police.  *Id*. at 396.  The
DEA advised the defendant that he could either petition the DEA
for remission or mitigation or file a claim with the DEA for the
funds.  The defendant filed a document with the DEA, and the
Ninth Circuit "agree[d] with the DEA and the district court that
[the defendant's] filing was a petition for remission." *Id*.  The
Ninth Circuit noted, "[a]mong other things, the document
specifically asked for remission.  When the DEA referred to it as
a 'Petition for Remission or Mitigation,' [the defendant] did not
inform the agency that his filing was not in fact a petition,
but, rather, reasserted a demand for remission and cited
remission regulations."  *Id*.  The Ninth Circuit, therefore,
concluded the district court did not err when it concluded it
lacked jurisdiction to judicially review "the administrative
forfeiture decision that ensued."  *Id*. at 397.

          Here Defendant was represented by counsel at the time
that he received and replied to the DEA's Notice of Seizure with
a document in which Defendant "request[ed] remission" of the
various firearms; he was represented by counsel when he received

the government's letters referring to Defendant's letters as a *petition* rather than as a *claim*; and he was represented by counsel in September 2012 when the DEA advised him that his "Petition for Remission and/or Mitigation will be ruled on administratively by this office." Defendant, however, did not advise the DEA or assert at any time before filing his 2014 Motion for Return of Property that the DEA was mistaken when it treated Defendant's letters as a petition rather than as a claim for a court to decide. The Court finds the holding in *Pert* indicates circumstances such as the ones in this case are sufficient to support a finding that the DEA did not err when it concluded Defendant was filing a petition for remission in 2012 rather than a claim for a court to decide. The Court, therefore, concludes under these facts that it lacks jurisdiction to review the administrative forfeiture.

Accordingly, the Court denies Defendant's Motion for Return of Property as to the six firearms for which Defendant sought remission on the ground that the Court lacks jurisdiction to review the administrative forfeiture of those firearms.

**B.    Due Process**

Even if this Court had jurisdiction to review the administrative forfeiture of the six firearms at issue and to evaluate the merits of Defendant's Motion with respect to the firearms, the record does not support a conclusion that the DEA

violated Defendant's due-process rights when it construed Defendant's letters as a petition for remission rather than as a claim for a court to decide.

Defendant does not assert he did not receive the DEA's notice timely, that the DEA failed to respond to his request for remission, or that he did not have adequate time to file a claim. Moreover, as noted, Defendant was represented by counsel at the time that he received and replied to the Notice of Seizure with a "Request [for] Remission" for the various firearms, when he received the government's letters referring to Defendant's letters as a petition rather than as a claim, and when the DEA advised him in September 2012 that his "Petition for Remission and/or Mitigation will be ruled on administratively by this office." As noted, Defendant did not advise the DEA or assert at any time before his 2014 Motion for Return of property that the DEA was mistaken when it treated Defendant's letters as a petition rather than as a claim for a court to decide. Thus, there is not any evidence in the record that the DEA deliberately misconstrued Defendant's letters or that Defendant was not aware that the DEA believed his letters were a petition for remission.

Accordingly, the Court concludes even if it had jurisdiction to review the administrative forfeiture of the six firearms, the Court would conclude the DEA did not violate Defendant's due-process rights in that foreclosure process.

21 - OPINION AND ORDER

## III. Firearms for which Defendant did not file a petition or claim.

The record reflects Defendant "request[ed] remission" in his June 2012 letter of only six of the thirteen legal firearms seized by the DEA.  Defendant did not file any claim to the seven firearms requested by Ingram in her "Request [for] Remission" until Defendant's May 2014 Motion for Return of Property.  As noted, Defendant concedes in his Supplemental Brief that he never filed any petition or claim to those firearms and that Ingram "request[ed] remission" of those firearms because they are in her name.

The DEA's Notices of Seizure issued to Defendant for the 13 legal firearms seized advised Defendant that he had 30 days to file a petition for remission or that he had to submit a claim under § 938 no later than June 28, 2012.  In its July 10, 2012, letter the DEA also extended Defendant's time to submit a petition to 30 days after Defendant received the letter.[6]

Accordingly, even if the DEA's July 10, 2012, letter extended the time for Defendant to file a *claim* as well as a *petition*, Defendant did not file anything before August 16, 2012, or any other time challenging the seizure of the seven firearms sought by Ingram in her "Request [for] Remission."  Defendant's challenge to the forfeiture of those seven firearms is now

---

[6] The return receipt indicates Defendant received the letter on July 16, 2012.

untimely.  *See* 18 U.S.C. § 983 (a)(2)(B)("A claim under
[§ 938(a)(2)](A) may be filed not later than the deadline set
forth in a personal notice letter.").

Defendant's assertion that he considers the firearms to be
jointly owned by Ingram and himself does not alleviate the fact
that Defendant did not submit a petition or claim to the firearms
within the time set out by the DEA.  In addition, as noted,
Ingram is not a party to this action.  Thus, the Court declines
to make any collateral decision as to a claim by Ingram that is
not before the Court.

Accordingly, the Court denies Defendant's Motion for Return
of Property as to the seven firearms to which Defendant did not
assert a claim and to which Ingram "request[ed] remission" in her
June 2012 letter.

**IV.  Defendant's request for the return of the $1,608.**

As noted, in his June 2014 Reply Defendant moves for the
first time for the return of the $1,608 seized by the DEA.
Defendant also asserted in his Reply that "there is nothing in
the civil forfeiture statute under 18 U.S.C. § 981 that allows
for forfeiture of the money."  Although Defendant acknowledges he
received the DEA's Notice of Seizure of the money, he concedes he
did not submit any petition or claim to the funds before the
request in his Reply.

In its Sur-Reply the government makes clear that it

23 - OPINION AND ORDER

forfeited the $1,608 pursuant to 21 U.S.C. § 881, which allows for forfeiture of funds, rather than § 981 as Defendant suggests. In any event, the government asserts in its Sur-Reply that the Court is without jurisdiction to hear Defendant's request for return of the money because Defendant did not file any challenge to the forfeiture of the funds within the time allowed.

In his Supplemental Brief Defendant "retracts" his argument related to seizure of the $1,608 under § 981 and instead asserts "nothing in this case suggests that the $1608 was a proceed traceable to prohibited drug activity under federal law and thereby subject to forfeiture under 21 USC 881." In addition, Defendant asserts (contrary to the statement in his Reply) that Ingram "filed a claim" for return of the $1,608[7] to use the money for living expenses. As noted, however, Ingram is not a party to this action. Accordingly, to the extent that Ingram seeks return of the funds, this action is not the appropriate forum for Ingram to do so.

In any event, Defendant admits he received notice of the seizure of the funds in May 2012, and yet he failed to file any petition for remission or to make a claim for those funds until he filed his Reply brief in June 2014. Thus, any claim that

---

[7] As noted, the record does not reflect whether the DEA received Ingram's June 15, 2012, letter titled "Request [for] Remission" nor does it indicate the disposition of Ingram's letter.

Defendant may have had to the funds, which is questionable in light of Ingram's June 2012 request for remission, is untimely. *See, e.g., In re Return of Seized 2000 F-150 Truck, VIN 1FTRF18WXYNB74239,* No. 08 CV 1709 JM (JMA), 2008 WL 4908108, at *2 (S.D. Cal. Nov. 13, 2008)("Generally, a district court has jurisdiction over forfeiture proceedings only when a noticed party files a timely claim pursuant to § 983(a), or where an interested party who never receives notice moves to set aside the forfeiture as described in § 983(e)[, which] provides the 'exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'").

Accordingly, the Court denies Defendant's Motion with respect to the $1,608 because Defendant's request for return of those funds is untimely.  In addition, the Court notes this is not the appropriate venue for Ingram to challenge the forfeiture of the funds because she is not a party to this action.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#58) for Return of Property under Federal Rule of Criminal Procedure

41(g).

IT IS SO ORDERED.

DATED this 30th day of September, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


26 - OPINION AND ORDER